# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FHS CEDAR, INC. d/b/a THE GARDENS OF FAIRFAX HEALTHCARE CENTER f/k/a FAIRFAX PLACE; and INNER CITY NURSING HOME, INC.,<br><br>　　　　Defendants. | Civil Action No.: 1:24-cv-2025<br><br>**COMPLAINT** |

Plaintiff Columbia Casualty Company, by way of Complaint against defendants FHS Cedar, Inc., d/b/a The Gardens of Fairfax Healthcare Center f/k/a Fairfax Place and Inner City Nursing Home, Inc., says:

## THE PARTIES

1. Columbia Casualty Company ("CCC") is an Illinois corporation engaged in the insurance business with a statutory home office and principal place of business located at 151 North Franklin Street, Chicago, Illinois 60606. CCC is authorized to transact business and has transacted business in the State of Ohio.

2. FHS Cedar, Inc., d/b/a The Gardens of Fairfax Healthcare Center f/k/a Fairfax Place ("FHS") is a corporation organized under the laws of the State of Ohio with a principal place of business at 9014 Cedar Avenue, Cleveland, Ohio 44106.

3. Inner City Nursing Home, Inc. ("Inner City") is a corporation organized under the laws of the State of Ohio with a principal place of business at 9014 Cedar Avenue, Cleveland, Ohio 44106.

**JURISDICTIONAL ALLEGATIONS**

4. The amount in controversy between the parties is in excess of $75,000.00.

5. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because a substantial part of the events, including contract formation, or omissions giving rise to the claims occurred in the Northern District of Ohio.

**FACTUAL BACKGROUND**

7. CCC repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

8. CCC issued a policy of aging services healthcare insurance to Inner City under Policy No. PLC 7014712753 for the effective dates of April 28, 2021 to April 28, 2022 (the "Policy").

9. The Policy is an insurance contract which provides insurance for certain liabilities of Inner City as set forth in the Policy.

10. Pursuant to the terms of the Policy, Inner City has a deductible obligation of $100,000 per claim or occurrence.

11. Pursuant to the terms of the Policy, Inner City's deductible obligation for claim or occurrence is based on the total indemnity paid for that particular claim or occurrence.

12. Inner City submitted a claim with a date of loss December 17, 2021, with claimant "H.M.W." for coverage under the Policy ("Claim No. HMB37042").

13. CCC fulfilled its contractual obligations to Inner City and provided the coverage afforded by the Policy for Claim No. HMB37042.

14. CCC paid total indemnity in excess of $275,000 for Claim No. HMB37042.

15. Pursuant to the terms of the Policy, Inner City is obligated to remit payment of the $100,000 deductible for Claim No. HMB37042.

16. CCC demanded payment of the $100,000 deductible on numerous occasions.

17. Inner City failed, refused, and continues to refuse to remit payment of the $100,000 deductible for Claim No. HMB37042.

18. Inner City remains obligated to remit payment of the deductible in the total amount of $100,000 for Claim Nos. HMB37042 ("Claim").

19. CCC issued invoices for the $100,000 that remains due and owing for the deductible of the Claim.

20. CCC's invoices provide that payment is within 45 days from the date of the invoice.

21. As of November 7, 2024, interest in the amount of $6,867.38, calculated at a rate of 8.0% (eight percent) in accordance with Ohio Rev. Code Ann. § 5703.47 from the due date of the invoice, has accrued on the unpaid deductible for the Claim.

22. Upon information and belief, FHS is the successor to Inner City and/or acquired Inner City in a transaction that resulted in a de facto merger or consolidation.

23. Upon information and belief, FHS expressly or impliedly agreed to assume Inner City's liabilities when it acquired Inner City.

24. Upon information and belief, FHS is merely a continuation of Inner City. FHS's website provides that it "has a robust history with several former names, including Inner City Nursing Home and Fairfax Place [Inner City's registered tradename]" and "is honored to continue the legacy of excellence and service established by the Pye family [the founders and previous owners of Inner City]."

25. Upon information and belief, Inner City succeeded and/or transferred all rights and obligations related to the Policy to FHS

26. Upon information and belief, Inner City has ceased operations but has not filed any articles of dissolution.

## COUNT I
### (Breach of Contract)

27. CCC repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

28. The Policy is a valid written contract.

29. CCC consistently met and fulfilled its contractual obligations to Inner City and FHS (collectively "Defendants") under the Policy.

30. Defendants are obligated to remit payment a $100,000 deductible for the Claim.

31. CCC demanded payment of the $100,000 deductible on numerous occasions.

32. Defendants materially breached the Policy through their failure and continued refusal to remit payment of the $100,000 deductible for the Claim.

33. Defendants' failure and continued refusal to pay the deductible for the Claim has resulted in damages to CCC in the amount of $106,867.38.

**WHEREFORE**, CCC demands judgment against Defendants, jointly and severally, in the amount of $106,867.38 for compensatory damages, plus additional pre-judgment interest, post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT II
### (Account Stated)

34. CCC repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

35. As parties to the Policy, CCC and Defendants had business transactions among them.

36. CCC issued invoices for the $100,000 deductible for the Claim.

37. Defendants never disputed the invoices for the Claim.

38. Defendants agreed to pay the invoices for the Claim.

39. CCC has attempted to collect the $100,000 unpaid deductible on numerous occasions.

40. Defendants have failed, refused, and continues to refuse to pay the balance due and owing to CCC, thereby resulting in damages to CCC in the amount of $106,867.38.

**WHEREFORE**, CCC demands judgment against Defendants, jointly and severally, in the amount of $106,867.38 for compensatory damages, plus additional pre-judgment interest, post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT III
### (Unjust Enrichment)

41. CCC repeats, restates and realleges the allegations of Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

42. CCC has provided insurance services to Defendants for which Defendants have refused to pay.

43. Defendants acknowledged and accepted the insurance services provided by CCC.

44. Defendants retained the benefit of the insurance services.

5

45. It would be inequitable for Defendants to retain the benefits of insurance services without payment to CCC.

46. CCC has repeatedly demanded that Defendants remit payment of the $100,000 owed to CCC for the insurance services provided by CCC.

47. Defendants have failed, refused and continue to refuse to pay the balance due and owing to CCC thereby resulting in damages to CCC in the amount of $106,867.38.

**WHEREFORE**, CCC demands judgment against Defendants, jointly and severally, in the amount of $106,867.38 for compensatory damages, plus pre-judgment interest, post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

Dated: November 20, 2024      */s/ Dennis E. Kadian*

Dennis E. Kadian | NJ0264020
THOMAS KADIAN LLC
90 East Halsey Road, Suite 390
Parsippany, New Jersey 07045
(973) 996-4300
*dkadian@thomaskadian.com*

Attorneys for Plaintiff